# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| SOLO LABORATORIES, INC., | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 17 C 00137 |
| DRM HOLDINGS, LLC, | ) ) | Judge John J. Tharp, Jr. |
| Defendant. | ) ) | |

## MEMORANDUM OPINION AND ORDER

This case arises out of unpaid bills for manufacturing, packaging, and warehousing services provided by Solo Laboratories, Inc. to DRM Holdings, Inc., d/b/a/ DRM-JPC Brands.[1] After DRM removed this case to this Court from the Circuit Court of Cook County, Solo filed a First Amended Complaint in March 2017. DRM filed an answer and counterclaim on March 30, 2017. On October 4, 2017, DRM filed a voluntary petition pursuant to Chapter 7 in U.S. Bankruptcy Court in Delaware. The bankruptcy proceeding, Case No. 17-12118-CSS, closed on February 20, 2018, and Solo filed a motion for summary judgment in this case in October 2018.[2] DRM did not respond to Solo's motion for summary judgment. DRM has not responded to Solo's statement of facts, nor has it submitted its own statement of facts pursuant to Local Rule 56.1. Where DRM has asserted its own facts as part of its counterclaim, those facts are based solely on information and belief rather than substantiated with record evidence. These failures require judgment in Solo's favor. The motion for summary judgment is granted.

---

[1] While this case is captioned "DRM Holdings, LLC," the defendant notes in its answer and in its notice of removal that its proper name is DRM Holdings, Inc.

[2] Corporations cannot obtain a discharge of debts under Chapter 7 of the Bankruptcy Code. 11 U.S.C. § 727(a)(1).

## BACKGROUND

### I. DRM's Failure to Comply with Local Rules

The facts material to this dispute are drawn exclusively from Solo's motion for summary judgment because DRM has failed to properly contest those facts. The Local Rules for the Northern District of Illinois require a party opposing a motion for summary judgment to (1) file a response to each numbered paragraph in the movant's statement of material facts including, in the case of disagreement, a specific reference to the affidavits, parts of the record, or other supporting materials relied upon and (2) file its own statement, consisting of short, numbered paragraphs, of any additional facts that would require denial of summary judgment. LR 56.1(b)(3). All material facts set forth in the moving party's statement are deemed admitted unless controverted by the party opposing the motion for summary judgment. Additional facts must be supported by admissible evidence, and a party purporting to rely on its own testimony must submit a declaration signed under penalty of perjury.

Perhaps as a consequence of DRM's bankruptcy, it has not complied with Local Rule 56.1 in form or in substance. DRM has not specifically admitted or denied each of the facts alleged in Solo's statement of material facts with reference to the numbered paragraph; facts not specifically controverted are deemed admitted. *See Jupiter Aluminum Corp. v. Home Ins. Co.*, 225 F.3d 868, 871 (7th Cir. 2000) ("An answer that does not deny the allegations in the numbered paragraph with citations to supporting evidence in the record constitutes an admission.").

Additional facts alleged by DRM as part of its answer and counterclaim, including that Solo "short-shipped" product to DRM's customers, are not supported by affidavit or other relevant evidence, and therefore are disregarded. *See, e.g.*, *Cady v. Village of McCook*, 57 F. App'x 261, 263 (7th Cir. 2003) (because plaintiff "did not file any timely, sworn materials in response to the

defendants' summary judgment motion, the judge was required to consider only facts included in the defendants' summary judgment materials"); *McConnell v. Ritz-Carlton Watertower*, 39 F. App'x 417, 420 (7th Cir. 2002) (district court acted within its discretion in ignoring submissions that were not subscribed under penalty of perjury). DRM relies solely upon information and belief in its allegations against Solo, which is insufficient because "unsworn allegations are not evidence," *Reed v. Allied Waste Transp., Inc.*, 621 F. App'x 345, 347 (7th Cir. 2015) (citing *Thomas v. Christ Hosp. & Med. Ctr.*, 328 F.3d 890, 894 (7th Cir. 2003)), and do not meet the requirements of Rule 56. *DeBruyne v. Equitable Life Assur. Soc'y*, 920 F.2d 457, 471 (7th Cir. 1990).

Given DRM's failure to comply with Local Rule 56.1, all facts set forth by Solo are deemed admitted. That said, the Court is not strictly limited to Solo's statement of facts in assessing its motion for summary judgment, as it may also consider the "other materials in the record." Fed. R. Civ. P. 56(c)(3). With that understanding, the Court turns to the details of the case.

## II. Uncontested Facts

The parties in this case are Solo, which manufactures and packages products for private label brands, and one such private label brand, DRM, which markets and sells hair care products. DRM periodically ordered hair care products from Solo and contracted with Solo for warehousing and logistical support services. The basis of this action is DRM's failure to pay Solo for products, packaging, and warehousing services. A statement of account provided by Solo shows unpaid balances of $933,337.92 for manufacturing and packaging and $455,000 for warehousing services. Plaintiff's Statement of Facts ("PSOF") ¶¶ 1-2, ECF No. 66. On September 15, 2016, DRM paid Solo $128,198.51 via check, which was returned due to insufficient funds. DRM has not made any

payments to Solo since that time. First Amended Complaint ¶¶ 8-10, ECF No. 19.[3] Solo reports that in September 2016, Wells Fargo Bank declared DRM in default on its secured loan. *Id.* ¶ 11.

On December 9, 2016, Solo filed a complaint against DRM in the Circuit Court of Cook County alleging breach of contract, fraud, and breach of fiduciary duty. DRM removed the case to this Court on January 9, 2017 based on diversity jurisdiction. ECF No. 1. Solo filed a First Amended Complaint alleging breach of agreement on March 16, 2017. ECF No. 19. In its Answer and Counterclaim to the First Amended Complaint, DRM avers the existence of one or more oral Co-Packer Agreements and alleges that Solo short-shipped products to DRM customers, sending less product than had been ordered and, as a result, overcharging DRM. Answer, Counterclaim ¶¶ 2-3, ECF No. 26. DRM does not provide any affidavits or other evidence in support of these allegations, relying solely upon information and belief. By affidavit of its President, Brian Corcoran, Solo states that there was no Co-Packer Agreement and that Solo never short-shipped product, PSOF ¶ 3; *see also* Decl. of Brian D. Corcoran ¶ 4, ECF No. 66-1. In addition, as part of DRM's default on its secured loan with Wells Fargo, Wells Fargo inventoried all of DRM's product stored in Solo's warehouse in September 2016 and removed the product from the warehouse in January 2017. PSOF ¶ 4. According to Solo, "Wells Fargo confirmed the finished inventory removed was per the inventory count performed by Wells Fargo and there were no

---

[3] Both the First Amended Complaint and the Answer and Counterclaim renumber the paragraphs in each section delineated by a new heading (in other words, each section begins anew with paragraph "1"). This approach is guaranteed to sow confusion; paragraph numbers in complaints should be numbered sequentially throughout the entire document. When Rule 8(b) instructs plaintiffs to "state . . . claims or defenses in numbered paragraphs," it doesn't mean to use the same number repeatedly. For now, unless otherwise indicated, any citations to the First Amended Complaint refer to the paragraphs as numbered in the "Breach of Agreement" section, and citations to the Answer and Counterclaim will note to which section it refers.

shortages." *Id.* DRM has not identified any inaccurate invoices or other documentary evidence that might support the short-shipping allegation. *Id.* ¶ 5.

DRM filed a voluntary petition for bankruptcy under Chapter 7 on October 4, 2017, *see* ECF No. 48. This case was stayed pursuant to 11 U.S.C. § 362(a)(1). ECF No. 49. The bankruptcy proceeding, Case No. 17-12118-CSS, closed on February 20, 2018.[4] Solo filed a status report after the bankruptcy closed indicating that it intended to proceed in this case. ECF No. 55. After the stay was lifted, Solo filed a motion for summary judgment in October 2018. ECF No. 64. DRM did not respond to Solo's motion for summary judgment. DRM has not responded to Solo's statement of facts, nor has it submitted its own statement of facts pursuant to Local Rule 56.1.

## DISCUSSION

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute as to any material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party has the initial burden of establishing that there is no genuine dispute as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party meets this burden, "[t]he nonmoving party must point to specific facts showing that there is a genuine issue for trial." *Stephens v. Erickson*, 569 F.3d 779, 786 (7th Cir. 2009). Factual disputes do "not preclude summary judgment when the dispute does not involve a material fact." *Burton v. Downey*, 805 F.3d 776, 783 (7th Cir. 2015). When considering the summary judgment materials,

---

[4] As part of its submission in the bankruptcy proceeding, DRM listed a debt of $1,322,167.92 to Solo. *See* Def.'s Suggestion of Bankruptcy, Ex. A at 26, ECF No. 50.

5

the Court must "construe all facts and draw all reasonable inferences in favor of the nonmoving party." *Van den Bosch v. Raemisch*, 658 F.3d 778, 785 (7th Cir. 2011).

DRM does not dispute that it had an agreement with Solo to periodically purchase products that Solo manufactured, stored, and shipped. DRM "[a]dmitted on information and belief that Solo manufactured and packaged products ordered by DRM, or one of its subsidiaries, and upon completion – i.e., ready to ship – Solo was supposed to invoice DRM or its subsidiary at the agreed price and terms for actual products manufactured and packaged pursuant to the orders placed by DRM or its subsidiary." Answer, Breach of Agreement ¶ 2, ECF No. 26. Instead, DRM argues that its indebtedness to Solo should be excused based on Solo's alleged breach of a Co-Packer Agreement or offset by the amount to which it was overcharged due to Solo's alleged short-shipping.

In this case, DRM has not provided any affidavits, proof of the alleged Co-Packer Agreement, evidence that Solo ever short-shipped product to its customers, or any other record evidence that would support its affirmative defenses or counterclaim. Instead, DRM relies upon information and belief, though "mere disagreement with the movant's asserted facts is inadequate if made without reference to specific supporting material." *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003); *see also Hadley v. County of DuPage*, 715 F.2d 1238, 1243 (7th Cir. 1983) ("Rule 56 demands something more specific than the bald assertion of the general truth of a particular matter, rather it requires affidavits that cite specific concrete facts establishing the existence of the truth of the matter asserted."). In contrast, Solo has submitted multiple affidavits and its statement of account listing the balance due to it from DRM for products and warehousing services. Given Solo's evidence of both a valid agreement and DRM's failure to abide by that agreement, DRM is liable for the amounts listed. In the absence of duly contested facts or properly supported evidence

of facts that would support an affirmative defense or a counterclaim, the Court has no choice but to accept the facts as presented by Solo. Solo's motion for summary judgment is granted.

Date: January 24, 2020

*John J. Tharp, Jr.*

John J. Tharp, Jr.
United States District Judge